RCK:rule 35 reply

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                    Northern Division

UNITED STATES OF AMERICA,      *
                               *
          v.                   *   Criminal No. MJG-01-0040
                               *
WILLIAM BICKFORD,              *
          Defendant.           *
                     ...oo0oo...
```

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO
THE GOVERNMENT'S MOTION FOR A REDUCTION
<u>OF SENTENCE PURSUANT TO RULE 35</u>**

The United States of America, through undersigned counsel and pursuant to Rule 35(b)(2) of the Federal Rules of Criminal Procedure, hereby respectfully submits this reply to the defendant's response to the government's motion for a reduction of the defendant's prison sentence based on his substantial assistance provided to the government.

On March 12, 2003, the Court sentenced the defendant to 156 months in prison, a sentence that was in part a response to a motion by the government for a downward departure, pursuant to Guideline Section 5K1.1, based on substantial assistance provided by the defendant. The government recommended a two-level departure, and the Court departed five levels.

After sentencing, the defendant provided additional assistance to the government by providing additional cooperation against prison guard Walter Mason, including testimony at Mason's trial. After that additional cooperation was completed, the government

filed the instant motion for a further reduction based on that cooperation and recommended an additional reduction of two levels.

The Court granted the motion and reduced the sentence an additional two levels by order without a hearing. The defendant, through counsel, filed a request to reopen the issue and a request for time to provide the Court with an additional memorandum in support of a larger downward departure. The Court granted the request and on June 1, 2005, the defendant filed a memorandum requesting a departure of five additional levels, for a total departure of seven levels. The government opposes such a large additional departure.

The defendant's memorandum presents new information that was not provided to government counsel prior to the filing of the Rule 35 motion. The information about the risk of physical danger and the actual physical harm to the defendant associated with his cooperation with state authorities in their investigation of prison guards is important information that should have been available to the Court as part of this motion. Mr. Ruter confirmed that neither he nor his client had provided undersigned counsel with the information about physical danger and physical harm to the defendant.

Because, according to guideline section 5K1.1(a)(4), this information is expressly relevant to the Court's consideration of any potential sentence reduction for substantial assistance, the

Court should now consider this information.  After consideration, the Court may wish to reduce the sentence more than the two levels that the government requested; however, an additional five levels seems excessive.  An additional level or two is all that is warranted and is all that should be awarded.

The other information in the defendant's memorandum concerning the cooperation against Ronald Coleman was already presented to the Court in support of the initial 5K1.1 departure at the sentencing hearing.

Based on the information in the government's motion, which already led the Court to award an additional two-level reduction of the sentence for substantial post-sentence assistance to the government, and the new information in the defendant's response memorandum, the government respectfully submits that **a total reduction of the defendant's sentence of three or four levels to a level 28 or 29** in response to the motion and the defendant's response, will reflect the value of that assistance in light of the physical danger involved.

**WHEREFORE,** the government respectfully requests that the Court reduce the sentence the equivalent of three or four levels below the appropriate final offense level applicable at the time of sentencing.  Because the applicable final offense level at sentencing should have been a level 32 instead of 33, the Court should correct that part of the record and at the same time reduce

3

the final offense level by three or four levels. This will yield an adjusted and reduced final offense level of 28 or 29, which, at Criminal History Category II, yields a guideline range of 87 to 108 months at level 28, or a guideline range of 97 to 121 months at level 29.  A total additional departure to level 25, as the defendant has requested, seems excessive in light of the information outlined above.

                                Respectfully submitted,

                                Allen F. Loucks
                                United States Attorney

                                ___//s//_____
                                Richard C. Kay
                                Assistant United States Attorney
                                36 South Charles Street
                                Fourth Floor
                                Baltimore, Maryland  21201
                                (410) 209-4850


## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2005, a copy of the foregoing Motion was mailed, postage prepaid to Gerald C. Ruter, Esquire, 3201 E. Joppa Road, Baltimore, Maryland 21234.

                                ___//s//_____
                                Richard C. Kay
                                Assistant United States Attorney